United States District Court
Western District of Washington
at Seattle

| | |
|---|---|
| PHYLLIS SANTISTEVAN-SULLIVAN,<br><br>    Plaintiff,<br>  v.<br><br>TRANSDIGM GROUP INCORPORATED et al.,<br><br>    Defendants. | Case No. 2:23-cv-00186-TL<br><br>Order Granting Defendants' Emergency Motion for Time Extension |

This case involves claims of discrimination and retaliation by Plaintiff Phyllis Santistevan-Sullivan against Defendants Transdigm Group Incorporated and AvtechTyee Inc., her prior employers. This matter is before the Court on Defendant's Emergency Motion for Extension of Time to Respond (Dkt. No. 27) to Plaintiff's Motion for Protective Order to Quash Subpoenas (Dkt. No. 26) that Defendant has indicated it intends to serve on three of Plaintiff's former employers who are not parties to this litigation. Having considered the relevant record, including Plaintiff's response in opposition to the emergency motion (Dkt. No. 30), the Court GRANTS Defendants' motion for a time extension.

Defendants' motion for a time extension is predicated on the fact that Plaintiff failed to certify that the length of its affirmative motion complied with the word count limit as required by the Local Civil Rules and appeared to potentially exceed the limit based on total page count. Dkt. No. 27 at 1–3 (citing LCR 7(e)(6)). Defendants also assert that the extension is generally "necessitated by defense counsels' pressing commitments in other client matters," without providing any further details. *Id.* at 2. Finally, Defendants note that Plaintiff will not be prejudiced by the extension because it was sought well in advance of the deadline, and because Defendants have agreed not to issue the subpoenas that are central to Plaintiff's pending motion until after the Court has decided whether to grant or deny Plaintiff's request for a protective order. *Id.* Plaintiff responded by rectifying the missing word count certification, confirming that her affirmative motion does not exceed the limitation. *See* Dkt. Nos. 29–30.

The Court has broad discretion to grant a time extension for good cause, especially when sought in advance of the deadline. Fed. R. Civ. P. 6(b)(1). As with all civil procedural rules, the Court is required to "liberally construe[ Rule 6(b)(1)] to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Such requests for time extensions are "normally . . . granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (internal quotation marks and citation omitted).

While the Court expects all parties to comply with all relevant civil rules, Plaintiff's failure to include a word-count certification does not warrant good cause for a time extension. Similarly, Defendants' conclusory statement regarding "pressing commitments" without more is also insufficient to support a finding of good cause. Nevertheless, because Defendants' have agreed not to proceed with the subpoenas in question until after Plaintiff's pending motion is

ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR TIME EXTENSION - 2

resolved (if at all, depending on the Court's determination on the motion), the Court is persuaded by the lack of prejudice to Plaintiff that a short extension of the deadline to respond to the motion for a protective order is warranted.

The Court therefore GRANTS Defendants' emergency motion (Dkt. No. 27) for a one-week time extension, DIRECTS Defendants to file their response in opposition to Plaintiff's motion by no later than **Wednesday, December 13, 2023**, and also EXTENDS Plaintiff's deadline to reply by an addition week, to **December 22, 2023**. Plaintiff's motion for a protective order (Dkt. No. 26) shall be re-noted to **Friday, December 22, 2023**.

Dated this 5th day of December 2023.

Tana Lin
United States District Judge