THE HONORABLE JUDGE TANA LIN

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| PHYLLIS SANTISTEVAN-SULLIVAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDIGM GROUP INCORPORATED, and AVTECHTYEE, INC.,<br><br>Defendants. | Case No. 2:23-cv-00186<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENAS** |

[Table of contents, table of authorities, and Defendants' response follow]

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENAS
[NO. 2:23-CV-00186] - i

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## TABLE OF CONTENTS

**I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ..... 1**

**II. STATEMENT OF FACTS ..... 2**

A. Plaintiff Was Terminated Due to Her Repeated Performance Issues. ..... 2

B. Defendants Requested Information From Plaintiff About Claims of Discrimination and Retaliation Plaintiff Has Made Against Other Employers. ..... 3

C. Defendants Seek to Subpoena Thoughtfully-Tailored and Relevant Employment Records from a Few of Plaintiff's Former Employers. ..... 5

**III. ARGUMENT AND AUTHORITY ..... 6**

A. The Former Employers' Records are Relevant and This Court Routinely Allows Subpoenas to Employers for Such Records in Similar Cases. ..... 6

B. Plaintiff Has Not Met Her Burden of Establishing "Good Cause" to Quash the Subpoenas. ..... 8

C. Defendants Are Not Required to "Exhaust" Discovery Through Plaintiff Prior to Sending Subpoenas and Have Not Limited their Ability to Subpoena Records from the Former Employers. ..... 11

1. Defendants Are Not Required to "Exhaust" Their Ability to Get Documents from Plaintiff Before Serving a Subpoena. ..... 11

2. Defendants Are Not Prohibited from Seeking Third-Party Discovery Just Because They Limited the Scope of Certain Discovery Requests to Plaintiff. ..... 12

**IV. CONCLUSION ..... 13**

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

# TABLE OF AUTHORITIES

**Cases**

*Abu v. Piramco Sea-Tac Inc.*, No. C08-1167RSL, 2009 WL 279036, at *3 (W.D. Wash. Feb. 5, 2009)....................7,8, 9, 10

*Awosika v. Target Corp.*, No. 11-0185-RSM, 2011 WL 13048452, at *1 (W.D. Wash. May 26, 2011)....................6, 7, 8

*Hite v. Peters*, No. CIV.07-4492-RMB-AMD, 2009 WL 1748860, at *3 (D.N.J. June 19, 2009)....................4, 11

*McDaniels v. Preito*, No. 3:17-cv-05801-RBL-DWC, at *2 (W.D. Wash. Sep. 19, 2018).....12

*Maxwell v. Health Ctr. of Lake City*, 2006 WL 1627020 (M.D.Fla.2006)....................10

*Mirkin v. Winston Resources*, LLC, 2008 WL 4861840 (S.D.N.Y.2008)....................10

*Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)....................9

*Rugo v. Hardwick*, No. 2:16-CV-00444-SMJ, 2017 WL 2623771, at *3 (E.D. Wash. June 16, 2017)....................7, 8, 9

**Rules**

FRCP 26....................8, 11

FRCP 45....................11

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants TransDigm Group Incorporated ("***TransDigm***") and AvtechTyee, Inc. ("***AvtechTyee***") (collectively "***Defendants***"), by and through their undersigned attorneys at Seyfarth Shaw LLP, respectfully ask the Court to deny Plaintiff's motion to quash the subpoenas that Defendants intend to serve on her former employers.

Plaintiff Phyllis Santistevan-Sullivan ("***Plaintiff***") has sued her former employer (AvtechTyee) and its parent company (TransDigm). Instead of taking accountability for her own repeated performance deficiencies which resulted in the termination of her employment, she accuses Defendants of race and gender discrimination and retaliation.

Defendants prepared targeted, thoughtfully tailored subpoenas to three of Plaintiff's former employers seeking relevant records regarding Plaintiff's performance in similar roles, the reasons she separated from those employers, and any discrimination or retaliation claim she may have made against those employers. The subpoenas do not request medical records, compensation information, benefits records, or any other documents outside the narrowly tailored requests. In the employment litigation context, this Court routinely holds that employment records from a plaintiff's prior or subsequent employers are relevant and can be subpoenaed.

Plaintiff knows of the Court's other rulings on this issue and knows why her former employers' records are relevant. Yet Plaintiff still moved to quash the subpoenas and contends this crucial evidence is not discoverable.[1]

Plaintiff also argues that she has a privacy interest in her employment records and that if her former employers are involved in this litigation, they will be deterred from referring consulting work to her. This Court has rejected similar privacy arguments when faced with motions to quash even broader subpoenas. Also, despite Plaintiff's purported privacy concerns, she has widely

---

[1] Defense counsel asked Plaintiff's counsel to submit this issue to the Court via the Expedited Joint Motion Procedure in LCR 37 and advised that the Court strongly encourages the parties to use this process for discovery disputes. Declaration of Emma Kazaryan in Support of Defendants' Response in Opposition to Plaintiff's Motion for Protective Order to Quash ¶ 10, Exhibit G.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

publicized this case and her allegations against Defendants in the media and online. Further, to the extent Plaintiff has concerns about how records will be used or handled, Defendants are willing to confer regarding appropriate safeguards to ensure the confidentiality of those records.

Finally, Plaintiff argues that Defendants have a duty to try to obtain relevant documents from her before serving the subpoenas. First, Plaintiff's position is unsupported by the Federal Rules of Civil Procedure and the case law. Second, the proposed subpoenas intend to capture documents Plaintiff does not (or likely does not) have in her possession.

For the foregoing reasons, and as set forth in greater detail below, Defendants respectfully ask the Court to deny Plaintiff's motion to quash.

## II. STATEMENT OF FACTS

### A. Plaintiff Was Terminated Due to Her Repeated Performance Issues.

In or around August 2018, AvtechTyee's president David Bender recruited and hired Plaintiff to work with him at AvtechTyee as (what is now called) the Vice President of Finance. Dkt. #1, p. 12. Plaintiff's predecessor in this role was a white man.

Before Mr. Bender hired Plaintiff at AvtechTyee, they worked together at two other companies. Dkt. #1, p. 12. At the time Mr. Bender recruited and hired Plaintiff, he knew her sex and race.

Mr. Bender wanted Plaintiff to succeed in the Vice President of Finance role and thought she was up to the task. But Plaintiff failed to meet performance expectations: she repeatedly failed to turn in reports and other information on time, turned in poor work product (including reports with inaccurate information), made mistakes that demonstrated a lack of attention-to-detail, and overall did not meet the expectations of two different TransDigm Group Controllers who oversaw her work (including one who is an Asian woman).

As a result of Plaintiff's performance deficiencies, Mr. Bender terminated her employment in May 2021.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Plaintiff has sued AvtechTyee and TransDigm and alleges that she was fired because of her race and sex and in retaliation of raising concerns about accounting matters, instead of because of her numerous performance deficiencies. Dkt. #1, p. 18, 19. In support of her claims, Plaintiff alleges that Mr. Bender gave her discriminatory performance feedback. Dkt. #1, p. 5, 15.

B. Defendants Requested Information from Plaintiff About Claims of Discrimination and Retaliation Plaintiff Has Made Against Other Employers.

On May 2, 2023, Defendants propounded their first set of written discovery requests to Plaintiff. Declaration of Emma Kazaryan in Support of Defendants' Response in Opposition to Plaintiff's Motion for Protective Order to Quash Subpoena ("***Kazaryan Decl***.") ¶ 2, Exhibit A.

For purposes of this motion, the relevant discovery requests are interrogatory no. 6 and request for production no. 29 (which are related) and request for production no. 24:

- Interrogatory no. 6 called for Plaintiff to "Identify each grievance, arbitration, complaint, charge, lawsuit, bankruptcy, or other administrative agency or legal proceeding in which [she has] ever been involved as a party or claimant…" Kazaryan Decl. ¶ 2, Exhibit A.

  In subsequent correspondence, Defendants agreed to narrow this interrogatory to focus on claims of discrimination and/or retaliation as follows:

  - In a June 28, 2023 letter to Plaintiff's counsel, defense counsel wrote with regard to this interrogatory, "While we agree not every prior dispute, charge, or litigation may be relevant, Defendants are entitled to information about agency charges or litigation regarding prior discrimination and/or retaliation claims Plaintiff has made against any other employers." Kazaryan Decl. ¶ 3, Exhibit B.

  - In a September 13, 2023 letter to Plaintiff's counsel, defense counsel wrote with regard to this interrogatory, "As stated in [our] first letter, Defendants agree to limit this interrogatory to information about agency charges or litigation regarding prior discrimination and/or retaliation claims Plaintiff has made against any other employers." Kazaryan Decl. ¶ 4, Exhibit C.

- Request for production no. 29 calls for Plaintiff to produce "all documents relating to any previous allegations of unlawful discrimination or retaliation You have made to any employer or administrative agency or asserted in any legal proceeding, to specifically include: (a) any written complaint made; (b) any notes (or diary or

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

journal entries) referencing the alleged discrimination or retaliation, or the complaint regarding the allegation; and (c) all correspondence with the employer or administrative agency related to the allegations." Kazaryan Decl. ¶ 2, Exhibit A.

In subsequent correspondence, Defendants clarified this request as follows:

- o In a June 28, 2023 letter to Plaintiff's counsel, defense counsel wrote with regard to this request, "While we agree not every prior dispute, charge, or litigation may be relevant, Defendants are entitled to information about agency charges or litigation regarding prior discrimination and/or retaliation claims Plaintiff has made against any other employers." Kazaryan Decl. ¶ 3, Exhibit B.

- o In a September 13, 2023 letter to Plaintiff's counsel, defense counsel wrote "Defendants agree to limit this request to information and documents about prior discrimination and/or retaliation claims Plaintiff has made against any other employers." Kazaryan Decl. ¶ 4, Exhibit C.

- <u>Request for production no. 24</u> calls for Plaintiff to execute and produce a completed copy of a "Waiver and Consent to Disclosure of Employment Information" form.

The parties exchanged written correspondence related to this request, and Defendants provided Plaintiff with authority supporting their position. In a September 13, 2023, letter to Plaintiff's counsel, Defendants were transparent about the fact that they intended to use the completed waiver and consent form to facilitate anticipated subpoenas to Plaintiff's employers:

> A defendant is entitled to seek plaintiff's employment records by subpoena directly from a plaintiff's employers. *Hite v. Peters*, No. CIV.07-4492-RMB-AMD, 2009 WL 1748860, at *3 (D.N.J. June 19, 2009).
>
> **The proffered "Waiver And Consent To Disclosure Of Employment Information" form would facilitate Defendants' anticipated subpoena of Plaintiff's employment records**.

Kazaryan Decl. ¶ 4, Exhibit C (emphasis added). Plaintiff has not agreed to execute the form. Kazaryan Decl. ¶ 5.

Defendants have never stated that interrogatory no. 6 and request for production no. 29 would be the only discovery Defendants would seek from or regarding Plaintiff's other employers. Kazaryan Decl. ¶ 6. Further, Defendants have never stated that they would not subpoena Plaintiff's

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

former employers; to the contrary (as Plaintiff is aware), the requested waiver form was intended to facilitate Defendants' anticipated subpoenas to Plaintiff's former or subsequent employers. *Id*.

C. <u>Defendants Seek to Subpoena Thoughtfully Tailored and Relevant Employment Records from a Few of Plaintiff's Former Employers.</u>

On November 10, 2023, Defendants served Plaintiff with notices of intent to subpoena three of her former employers: Arrowhead Products, Inc.; Solaero Technologies, Inc.; and Crane Electronics. Kazaryan Decl. ¶ 7, Exhibit D. The subpoenas contained variations of the same targeted, thoughtfully tailored document requests:

> 1. For the two years preceding Phyllis Santistevan-Sullivan's separation/termination of employment from Arrowhead Products, Inc., the job description(s) for the role(s) she held, her performance evaluations, her disciplinary records, and documents and any witness statements regarding complaints or concerns about her performance;
>
> 2. All documents regarding the reason(s)/basis for Phyllis Santistevan-Sullivan's separation/termination of employment from Arrowhead Products Inc.;
>
> 3. All documents regarding any claims of discrimination, harassment, or retaliation made by Phyllis Santistevan-Sullivan against Arrowhead Products, Inc., including demand letters, position statements, and settlement agreements; and
>
> 4. Any documents showing or relating to praise, compliments, and/or recognition given by Dave Bender to Phyllis Santistevan-Sullivan regarding her performance at work.

Kazaryan Decl. ¶ 8, Exhibit E.

Counsel for the parties met and conferred over the phone regarding the subpoenas on November 16, 2023, and also traded written correspondence regarding the issue. Kazaryan Decl. ¶ 9, Exhibit F. During the telephonic conference, Plaintiff's counsel vaguely asserted that Plaintiff has a "privacy interest" in her employment records, but did not explain further, despite requests for more information from defense counsel. *Id*.

Despite Plaintiff's purported privacy concerns, she has publicized this case and her

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

allegations against TransDigm and AvtechTyee online and in the media.[2] Plaintiff has given various press interviews and her counsel's website has a webpage dedicated to the details of this case.[2] As a result of Plaintiff's campaign to publicize her version of this case, coverage is readily available through a simple internet search.

## III. ARGUMENT AND AUTHORITY

### A. The Former Employers' Records are Relevant and This Court Routinely Allows Subpoenas to Employers for Such Records in Similar Cases.

In the employment litigation context, this Court routinely holds that records from plaintiffs' other employers are relevant and allows defendant-employers to serve document subpoenas to plaintiffs' former and subsequent employers. For example, in *Awosika v. Target Corp.*, No. 11-0185-RSM, 2011 WL 13048452, at *1 (W.D. Wash. May 26, 2011), the plaintiff brought a whistleblower retaliation claim against her former employer. The defendant-employer broadly sought to subpoena "all payroll and employment documents" concerning plaintiff's employment from plaintiff's former and subsequent employers. *Id.* Plaintiff moved for a protective order and argued that she had a privacy interest in records; that the records sought are irrelevant; and that the records sought were duplicative because she could provide defendant with the necessary information. *Id.* at 2. The Court rejected all of plaintiff's arguments, denied plaintiff's motion for a protective order, and held that the defendant could subpoena the records. *Id.* at 4.

In *Awosika*, the Court held that plaintiff's employment records from other employers were relevant to her damages and mitigation (including, with regard to records from prior employers,

---

[2] As examples, *see Lawsuit: Defense Contractor Fired Whistleblower for Reporting Accounting Irregularities*, by David Dayden, American Prospect, March 29, 2023 https://prospect.org/power/2023-03-29-defense-contractor-transdigm-fired-whistleblower/ (accessed 12/04/2023);

*Everett defense contractor's ex-vice president sues for discrimination*, by Jonathan Tall, Everett Herald, February 14, 2023, https://www.heraldnet.com/news/everett-defense-contractors-ex-vice-president-sues-for-discrimination/ (accessed 12/04/2023);

*Championing Corporate Accountability: Phyllis Sullivan's Courageous Stand*, Bloom Law PLLC, https://www.bloomlawpllc.com/championing-corporate-accountability-phyllis-sullivans-courageous-stand/ (accessed 12/04/2023).

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

her performance and ability to obtain comparable work); emotional distress; and credibility. *Id*. at 2-4. Further, the Court said plaintiff's "broad allegation[s] that the documents [defendant] seeks will affect her privacy interest[s]" were insufficient. *Id*. at 1.

In *Abu v. Piramco Sea-Tac Inc.*, No. C08-1167RSL, 2009 WL 279036, at *3 (W.D. Wash. Feb. 5, 2009), the Court denied (in part) a motion to quash subpoenas to a plaintiff's former employers because the Court held the employment records were relevant to plaintiff's claims of emotional distress and credibility. The subpoenas in *Abu* were much broader than the subpoenas in this case:

> The subpoenas to the former employers are identical and request ten categories of documents regarding plaintiff: (1) each personnel file, (2) each departmental file, (3) each formal or informal supervisor's file, (4) all records relating to any reference check completed, (5) all payroll records, (6) all records identifying employee benefits, (7) each record relating to the reason for termination, (8) all records relating to complaints about plaintiff's work performance and investigation into such complaints, (9) records reflecting complaints of discrimination made by plaintiff to any agency, and (10) a job description.

*Id*. at 1. The Court granted the motion to quash with regard to plaintiff's payroll records and information regarding employee benefits, but otherwise denied the motion to quash. *Id*. at 3.

In *Rugo v. Hardwick*, No. 2:16-CV-00444-SMJ, 2017 WL 2623771, at *3 (E.D. Wash. June 16, 2017), the defendant-employers sought to subpoena employment records from plaintiffs' former and *current* employers. The Court denied (in part) a motion to quash subpoenas to plaintiffs' employers because "[t]he employment records Defendants seek are relevant to damages, mitigation, and Plaintiffs' emotional distress claims." *Id*. The Court ordered that defendants could propound subpoenas that sought the following documents:

> Each personnel file, each departmental file, each formal or informal supervisor's file, all records relating to any reference check completed, all payroll records, all records identifying employee benefits, each records relating to the reason for termination, all records relating to complaints about work performance and investigation into such complaints, records reflecting complaints of discrimination to any agency, and a job description regarding [plaintiff].

*Id*. at 5. The Court said although it was "sympathetic to [p]laintiffs' reservations about having

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

third-party subpoenas served on their current and past employers…**[d]efendants must be allowed to develop their case**." *Id*. at 4 (emphasis added).

In the instant case, records from Plaintiff's former employers are relevant to the claims and defenses at issue – including whether Plaintiff had similar performance deficiencies/issues with other employers, whether she was disciplined or fired by other employer or similar performance deficiencies/issues, whether she claims that performance discipline or termination from other employers was discriminatory or retaliation (and the related factual circumstances), how Plaintiff reacted to prior performance discipline at other employers, Plaintiff's credibility in general, and her claims of emotional distress, among other issues.

For example, in support of her claims, Plaintiff alleges that Mr. Bender gave her discriminatory performance feedback (Dkt. #1, p. 5, 15), but Defendants expect that Plaintiff received similar performance feedback at other companies. Defendants also expect the records will provide insight into Plaintiff's skills, qualifications, competencies, and past performance issues, which is relevant and critical information for defending (i) Plaintiff's argument that the performance feedback she received was gendered; and (ii) Plaintiff's argument that the performance-based reasons for her termination were pretextual. Finally, records from Plaintiff's former employers should provide insight into her emotional state prior to the termination of her employment with AvtechTyee, which is relevant to her claim for emotional distress damages.

The subpoenas in this case are much more targeted and narrowly tailored than the subpoenas that the Court allowed in *Awosika*, *Abu*, and *Rugo*.

Consistent with its holdings in other similar cases, the Court should decline to quash the subpoenas in this case.

B. <u>Plaintiff Has Not Met Her Burden of Establishing "Good Cause" to Quash the Subpoenas.</u>

A party seeking a protective order has the burden of establishing "good cause" for the protective order. FRCP 26(c)(1). "The party seeking a protective order bears the burden of

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

showing specific prejudice or harm will result if no protective order is granted." *Rugo v. Hardwick*, No. 2:16-CV-00444-SMJ, 2017 WL 2623771, at *4 (E.D. Wash. June 16, 2017) citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted). This Court has iterated that "General assertions do not constitute good cause…a party seeking protection of her own employment records must assert how, specifically, she will be harmed by the discovery of those records." *Rugo v. Hardwick*, No. 2:16-CV-00444-SMJ, 2017 WL 2623771, at *4 (E.D. Wash. June 16, 2017).

In *Rugo*, plaintiffs filed declarations articulating privacy concerns similar to those raised by Plaintiff:

> Plaintiffs aver that they are happy with their current jobs, are **extremely concerned that their jobs may be jeopardized, including by burdening their current employers with discovery** or because their employers may take a negative view of Plaintiffs suing a former employer. Plaintiffs assert that **they have not told anyone about the present lawsuit because they are concerned about tarnishing their reputation and this concern is heightened because they live in very small communities**. They worry about how public subpoenas could jeopardize their jobs and reputations.

*Id.* (emphasis added; internal citations omitted).

The Court held these privacy considerations were insufficient to justify quashing the subpoenas:

> While the Court is sympathetic to Plaintiffs' reservations about having third-party subpoenas served on their current and past employers, as other courts have recognized, Plaintiffs are statutorily protected from retaliation because they filed this lawsuit. Moreover, as explained above, **Defendants must be allowed to develop their case**. Accordingly, **the broad and categorical relief Plaintiffs seek—quashing the subpoenas and prohibiting Defendants from contacting Plaintiffs' employers—is inappropriate**.

*Id.* (emphasis added; internal citations omitted).

*Abu v. Piramco Sea-Tac Inc.* is also instructive. In that case, the Court denied (in part) a motion to quash subpoenas to a plaintiff's former employers. *Abu v. Piramco Sea-Tac Inc.*, 2009 WL 279036 at *3. In *Abu*, the plaintiff argued she had a privacy interest in her employment records

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

and that she did not want her current employer to learn that she had filed an employment discrimination lawsuit. *Id.* at 3. The Court rejected plaintiff's arguments. *Id*. The Court reasoned that "plaintiff is statutorily protected from retaliation for filing the lawsuit" and dispensed with her privacy argument because she had publicized her claims:

> As for her claimed privacy interest, plaintiff gave a press interview about this matter which resulted in a story about it in the Seattle Weekly in September 2008. Coverage of the issue is readily available through a simple internet search using plaintiff's name.

*Id*.

Plaintiff's asserted privacy concerns are even more tenuous than those discussed in *Rugo*. First, the instant subpoenas only seek documents from Plaintiff's *former* employers (not her current employer). Second, Plaintiff has instigated significant publicity for her case by giving interviews to several media outlets and authorizing her counsel to devote a public webpage to the details of this case. This conduct directly contradicts Plaintiff's asserted privacy interest.

Plaintiff also has "waived some of her privacy interests by bringing this Title VII suit and seeking damages for emotional distress." *Id.* quoting *Maxwell v. Health Ctr. of Lake City*, 2006 WL 1627020 (M.D.Fla.2006); *Mirkin v. Winston Resources, LLC*, 2008 WL 4861840 (S.D.N.Y.2008).

Further, Plaintiff "could have reasonably expected that matters regarding her other employment and performance would be disclosed in this litigation." *Abu*, 2009 WL 279036 at *3. Plaintiff does not allege "that any information in her employment records is particularly embarrassing or revealing." *Id.* Further, "[t]here is no evidence that [Defendants] intend[] to use the discovery process or the contents of the files to harass [P]laintiff or her other employers." *Id.* To the extent Plaintiff has concerns about how some of her prior employment records will be used (a point that her counsel did not raise during the parties' meet-and-confer), Defendants are willing to confer regarding appropriate safeguards to ensure the confidentiality of those records. Defendants ultimately "must be allowed to develop their case." *Rugo*, 2017 WL 2623771 at *3.

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Plaintiff has not carried her burden of showing that good cause exists to quash the subpoenas, and her motion should be denied.

C. Defendants Are Not Required to "Exhaust" Discovery Through Plaintiff Prior to Sending Subpoenas and Have Not Limited their Ability to Subpoena Records from the Former Employers.

In her motion, Plaintiff makes a series of inflammatory and untrue allegations about Defendants' conduct and compliance with their discovery obligations. Plaintiff takes the position (i) that Defendants have a duty to "exhaust" their ability to get documents from Plaintiff before proceeding to alternative methods of discovery; and (ii) that Defendants are prohibited from seeking third-party discovery because they limited the scope of certain discovery requests to Plaintiff. Plaintiff's arguments are not grounded in law or reason.

1. *Defendants Are Not Required to "Exhaust" Their Ability to Get Documents from Plaintiff Before Serving a Subpoena.*

The Federal Rules of Civil Procedure do not require an issuing party to "exhaust" its ability to obtain documents from an opposing party before serving a subpoena. *See generally* FRCP 45. Further, FRCP 26(d)(3)(A) specifically says "methods of discovery may be used in any sequence."

Federal courts have recognized that a defendant is entitled to seek a plaintiff's employment records by subpoena directly from a plaintiff's employers. *Hite v. Peters*, No. CIV.07-4492-RMB-AMD, 2009 WL 1748860, at *3 (D.N.J. June 19, 2009) (rejecting "Plaintiff's argument that the post-termination employment records sought by Defendant are not relevant to the issues in this case" and denying plaintiff's motion for a protective order precluding defendant from obtaining the employment records with a subpoena to the employer). Neither *Hite* nor any of the instructive cases discussed above – *Abu*, *Awosika*, or *Rugo* – impose an "exhaustion" requirement before employment records can be subpoenaed.

Plaintiff's exhaustion argument also fails because the proposed subpoenas go beyond the documents and information requested by interrogatory no. 6 and request for production no. 29, and seek information that Plaintiff does not have (or likely does not have) in her possession. Plaintiff

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

has not indicated that she actually has any of the documents Defendants seek. Moreover, Defendants are entitled to complete records, not the limited records Plaintiff may have in her possession.

Further, the *McDaniels v. Preito*, No. 3:17-cv-05801-RBL-DWC, at *2 (W.D. Wash. Sep. 19, 2018) case Plaintiff cited is inapposite: that case involved a pro se plaintiff moving *the Court* to serve a subpoena. For purposes of deciding whether *the Court* should serve a subpoena, the Court considered whether plaintiff had sought (or could get) the discovery sought through the discovery process. That is different than the instant case, where defense counsel is prepared to serve the subpoena.

2. *Defendants Are Not Prohibited from Seeking Third-Party Discovery Just Because They Limited the Scope of Certain Discovery Requests to Plaintiff.*

Plaintiff improperly seeks to exploit and transform Defendants' reasonable, good-faith discovery conduct into a blanket prohibition on Defendants' ability to conduct third-party discovery. Plaintiff's position finds no support in the Federal Rules of Civil Procedure or the case law.

In the spirit of compromise and to move discovery along, Defendants voluntarily narrowed and clarified the scope of interrogatory no. 6 and request for production no. 29, so that Plaintiff need only provide documents and information related to claims of discrimination or retaliation against other employers (rather than calling for production of documents and information related to any and all claims, regardless of subject matter).[3] However, the proposed subpoenas go beyond the documents and information requested by interrogatory no. 6 and request for production no. 29, and seek additional information that Plaintiff does not have (or likely does not have) in her

[3] Contrary to Plaintiff's allegation that Defendants "reneged" on these limitations, Defendants' proposed subpoenas track these same limitations: rather than calling for documents regarding any and all complaints made by Plaintiff, the subpoenas specifically call for Plaintiff's former employers to produce "documents regarding any claims of **discrimination, harassment, or retaliation** made by [Plaintiff] …" Kazaryan Decl. ¶ 8, Exhibit E (emphasis added).

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

possession, including job descriptions for her former positions; complete copies of all performance evaluations; disciplinary records; complaints or concerns about her performance; notes regarding her former employer(s) investigation(s) into her claim(s) of discrimination or retaliation; and documents belonging to her former employers regarding the reasons for her separation from employment.

Defendants have never stated that interrogatory no. 6 and request for production no. 29 would be the sole discovery they would seek from or regarding Plaintiff's other employers; nor have they ever stated that they would not subpoena Plaintiff's former employers. Plaintiff's argument here aims to exploit Defendants' reasonable, good-faith discovery conduct.

## IV. CONCLUSION

As the Court's prior orders make clear, in the employment litigation context, subpoenas to a plaintiff's former employers are a common and appropriate discovery tool. Plaintiff has not met her burden of establishing "good cause" sufficient to deprive Defendants of access to this tool and the ability to "develop their case." Defendants respectfully ask the Court to deny Plaintiff's motion to quash subpoenas to her former employers.

Further, to the extent this motion is resolved after Plaintiff's deposition, or to the extent responses to the subpoenas are received after Plaintiff's deposition, Defendants respectfully request that they be permitted to re-depose Plaintiff (with a reasonable time limit if necessary) regarding any of the documents, information, or issues raised by the subpoenaed records.

[Signature page follows]

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Respectfully submitted December 13, 2023.

*I certify this memorandum contains 4,180 words, in compliance with the Local Civil Rules.*

SEYFARTH SHAW LLP

By:   *s/Emma Kazaryan*
Lauren Parris Watts, WSBA #44064
Esteban Shardonofsky (SBN 24051323)
Emma Kazaryan, WSBA #49885
Darien Harris (SBN 24118405)
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Telephone: (206) 946-4910
lpwatts@seyfarth.com
sshardonofsky@seyfarth.com
ekazaryan@seyfarth.com
dcharris@seyfarth.com

*Counsel for Defendants TransDigm Group Incorporated and AvtechTyee, Inc.*

DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PROTECTIVE
ORDER TO QUASH SUBPOENAS
[NO. 2:23-CV-00186] - 14

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**CERTIFICATE OF SERVICE**

I hereby declare that on this 13th day of December, 2023, I caused a copy of the ***Defendants' Response in Opposition to Plaintiff's Motion for Protective Order to Quash Subpoenas*** to be electronically filed with the Court using its efiling system which will send notification of such filing to the following:

Beth Bloom
Jay Corker Free
BLOOM LAW PLLC
3827-C South Edmunds Street
Seattle, WA 98118
bbloom@bloomlawpllc.com
jfree@bloomlawpllc.com

*Counsel for Plaintiff*

Jeff Dingwall
Eight & Sand
750 West Fir Street, Suite 602
San Diego, CA 92101
jeff@eightandsandlaw.com

*Counsel for Plaintiff*

DATED this 13th day of December, 2023.

*s/Kyna Denton Stewart*
Kyna Denton Stewart, Legal Assistant
kdentonstewart@seyfarth.com

DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENAS
[NO. 2:23-CV-00186] - 15

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910