THE HONORABLE JUDGE TANA LIN

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| PHYLLIS SANTISTEVAN-SULLIVAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDIGM GROUP INCORPORATED, and AVTECHTYEE, INC.,<br><br>Defendants. | Case No. 2:23-cv-00186<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY** |

[Table of contents, table of authorities, and Defendants' response follow]



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

# TABLE OF CONTENTS

**I. INTRODUCTION AND SUMMARY OF THE ARGUMENT...................................... 1**

**II. STATEMENT OF RELEVANT FACTS.............................................................. 2**

A. Plaintiff Did Not Provide the Court with True and Correct Copies of Defendants' Discovery Responses. ..................................................................................... 2

B. Despite the Parties' Prior Agreement that the Court Should Enter its Model Stipulated Protective Order, Plaintiff Refuses to Agree to the Order Unless it Includes Unreasonable Revisions that Undermine the Entire Purpose of a Protective Order................................. 3

C. Defendants Answered Several Discovery Requests Without Making Any Objections. .... 5

D. Defendants' Objections are Necessary, Detailed, Specific, and Compliant with the Rules. 5

E. Defendants Made Necessary Objections and then Provided Straightforward and Complete Answers........................................................................................................ 8

F. Defendants' Use of FRCP 33(d) is Proper and Compliant. ............................................... 9

G. Defendants' Use of the Phrase "Discovery is Ongoing" is Proper. ................................. 10

H. Defendants Have Provided a "Categorical" Privilege Log. ............................................. 10

**III. ARGUMENT AND AUTHORITY ........................................................................ 11**

A. Defendants Should Not Be Forced to Produce Confidential Documents Until a Protective Order is Entered. ....................................................................................... 11

B. Plaintiff Fails to Identify Deficiencies with Defendants' Responses. .............................. 12

C. To the Extent a Privilege Log is Required, Defendants' Categorical Privilege Log is Sufficiently Detailed for Post-Litigation Attorney-Client Communications and Related Work Product. ....................................................................................................... 14

**IV. CONCLUSION ......................................................................................... 15**



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

# TABLE OF AUTHORITIES

**Cases**

*Ardrey v. United Parcel Service*, 798 F.2d 679 *(4th Cir. 1986)*...............................................7

*Brocato v. Perez*, No. CV 13-8993-CJC (JEM), 2017 WL 11632905 (C.D. Cal. Apr. 5, 2017)..............................................................................................................12

*Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-927RAJ, 2015 WL 12712762 (W.D. Wash. Nov. 16, 2015)............................................................................................11

*Gehring v. Case Corp., 43 F.3d 340 (7th Cir. 1994)*................................................................7

*Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119 (3d Cir. 2009) ........................14, 15

*In re Imperial Corp. of Am.*, 174 F.R.D. 475 (S.D. Cal. 1997) ..............................................15

*Int'l Longshore & Warehouse Union v. Nelson*, No. 3:11-CV-05767-RBL, 2012 WL 1158657 (W.D. Wash. Apr. 6, 2012) ..........................................................................13

*Minnis v. Washington*, No. C11-5600 BHS, 2013 WL 3189051 (W.D. Wash. June 20, 2013)..............................................................................................................12

*Nash v. Waddington*, No. C06-5127 RJBKLS, 2007 WL 964222 (W.D. Wash. Mar. 28, 2007)..............................................................................................................13

*Ngethpharat v. State Farm Mut. Ins. Co.*, No. C20-454 MJP, 2021 WL 2413280 (W.D. Wash. June 14, 2021) ..............................................................................................13

*Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516-17 (D. Minn. 1997) .........................7

*Paananen v. Cellco P'ship, No. C08-1042 RSM*, 2009 WL 3327227 (W.D. Wash. Oct. 8, 2009) ..............................................................................................................7, 8

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002) ..............11

*Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2014 WL 12638874 (S.D. Cal. Aug. 4, 2014)..........................................................................................................14

*Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077 (N.D. Cal. 2009) ............ ..............................................................................................................14, 15

*Tharp v. Univ. of Washington*, 143 Wn. App. 1051 (2008).......................................................8



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

*United States v. Hiatt*, No. C10-5333BHS, 2011 WL 1883818 (W.D. Wash. May 17, 2011)… ....................13

*U.S. v. Bouchard Transp.*, 2010 WL 1529248 (E.D.N.Y. 2010)....................14

*Washington v. GEO Grp., Inc.*, No. 17-5806 RJB, 2019 WL 2743390 (W.D. Wash. July 1, 2019)....................12

7, 8, 9

**Rules**

LCR 37....................1

FRCP 26....................11

FRCP 33....................1, 9,14



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants TransDigm Group Incorporated ("***TransDigm***") and AvtechTyee, Inc. ("***AvtechTyee***") (collectively "***Defendants***"), by and through their undersigned attorneys, respectfully ask the Court to deny Plaintiff's motion to compel responses to written discovery.

Plaintiff's motion fails to specify which discovery responses she thinks are deficient. Instead, Plaintiff mischaracterizes and provides misleading summaries of Defendants' objections and responses and **fails to provide the Court with true and correct copies of those discovery responses**.

Contrary to Plaintiff's allegations, Defendants' objections are proper and made in accordance with the Federal Rules of Civil Procedure and the applicable local rules. For example, where Plaintiff propounded proper and proportional discovery requests, Defendants answered without making any objections. In many instances, Defendants lodged necessary and appropriate objections, but nevertheless provided complete answers. Where Defendants limited their production pursuant to any objection(s), Defendants stated the scope of the production they were making. Also, where Defendants invoked FRCP 33(d), they also provided complementary narrative responses and identified the specific documents responsive to the interrogatory by reference to the corresponding request for production (and ergo Bates number).

Plaintiff argues that Defendants are withholding documents under the pretext of confidentiality but omits that she refuses to enter the Court's model stipulated protective order, despite the parties' prior agreement that the Court should enter the order (as amended by the parties). Defendants have legitimate interests in safeguarding the confidentiality of certain documents and information (including confidential financial records and sensitive non-party personnel information) and have offered compromises to expediate and facilitate the production of confidential information and documents. Yet Plaintiff blindsided Defendants with this motion after the parties agreed to submit the protective order issue to the Court through the LCR 37



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

expedited joint motion procedure.

Plaintiff further omits that the only documents Defendants are currently withholding on the basis of attorney-client privilege or work product are communications/emails with counsel and related work product prepared *after* Plaintiff filed her post-termination charge. Plaintiff did not log post-charge communications with counsel in her own privilege log but insists that Defendants should. Nonetheless, to resolve this dispute, Defendants have provided Plaintiff with a privilege log identifying privileged communications and work product in broad categories.

Plaintiff has taken numerous unreasonable positions, frustrated the discovery process, misrepresented and omitted key facts, and omitted key documents from her submission the Court. She also fails to identify the discovery responses she alleges are deficient. Plaintiff's motion to compel written discovery responses should be denied.

## II. STATEMENT OF RELEVANT FACTS

### A. <u>Plaintiff Did Not Provide the Court with True and Correct Copies of Defendants' Discovery Responses</u>.

On August 4, 2023, Defendants served their initial objections and responses to Plaintiff's first set of interrogatories and requests for production. Declaration of Emma Kazaryan in Support of Defendants' Response in Opposition to Plaintiff's Motion to Compel Responses to Written Discovery ("***Kazaryan Decl***.") ¶ 2, Exhibit A. On November 21, 2023, after numerous conferences between counsel regarding discovery disputes from both sides, AvtechTyee served supplemental objections and responses to Plaintiff's first set of interrogatories and requests for production. Kazaryan Decl. ¶ 4, Exhibit C.

Plaintiff has moved to compel written discovery responses but did not provide the Court with a true and correct copy of the objections and responses Defendants served on August 4; instead, she provided a purported "reproduction" of the objections and responses. Declaration of Jeff Dingwall in Support of Plaintiff's Motion to Compel Responses to Written Discovery ("***Dingwall Decl.***") ¶ 2. Plaintiff flat-out failed to provide (as a "reproduction" or otherwise) the



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Court with a copy of AvtechTyee's supplemental objections and responses. *See generally* Dingwall Decl.

B. Despite the Parties' Prior Agreement that the Court Should Enter its Model Stipulated Protective Order, Plaintiff Refuses to Agree to the Order Unless it Includes Unreasonable Revisions that Undermine the Entire Purpose of a Protective Order.

On May 12, 2023, the parties filed their FRCP 26(f) Joint Status Report and Discovery/Case Management Plan ("***Joint Status Report***"). Dkt. 23. The Joint Status Report states, "[t]he parties agree that the Court should enter the Court's Model Stipulated Protective Order as amended by the parties…." *Id.*, page 3 (Section 5(D)).

In mid-July 2023, the parties were close to having a proposed stipulated protective order ready to submit to the Court. Kazaryan Decl. ¶ 5, Exhibit D. Yet on July 21, 2023, Plaintiff introduced new edits that deviate substantially from the Court's model order and undermine the purpose of a protective order:

- Plaintiff's edits purport to allow use of confidential documents/information "for any purpose" rather than just for "prosecuting, defending, or attempting to settle this litigation."
- Plaintiff's edits purport to allow disclosure confidential documents/information to anyone, without limitation.
- Plaintiff's edits removed the requirement to have experts and consultants bound by the protective order.
- Plaintiff's edits removed protections for use of confidential documents/information during depositions and with respect to deposition transcripts.
- Plaintiff's edits call for the parties to prepare a "confidentiality log" that states the basis for each confidential designation.

Kazaryan Decl. ¶ 6, Exhibit E.

The parties exchanged a few rounds of written correspondence on these issues and also discussed these issues during a telephonic discovery conference. Kazaryan Decl. ¶¶ 7-8, Exhibit F. In the



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

course of that correspondence, Defendants explained why Plaintiff's proposed edits were unworkable and tried to move the parties toward a resolution:

> The first four categories of edits undermine the entire basis for a protective order, as we noted in prior correspondence. The fifth edit appears to be calculated to drive up defense costs. Unlike privilege logs – which make sense, because the opposing party never sees privileged documents being withheld – a confidentiality log is make-work. The parties will be able to see every document marked "confidential" and the Court's template order allows the non-disclosing party to object or challenge any particular designations if they so choose. The Court's template protective order and the local rules also already contain procedures (including a meet-and-confer requirement) to address the filing of confidential materials.
>
> Despite the fact that your proposed confidentiality log is a substantial deviation from the Court's model order and needlessly places undue burden and expense on Defendants, in the spirit of compromise, Defendants will agree to prepare a confidentiality log if you agree to revert to the Court's model order with regard to the other categories of edits.

Dingwall Decl. ¶ 3, Exhibit D (page 252 of Mr. Dingwall's declaration).

During the parties' subsequent telephonic discovery conference, Plaintiff's counsel said the definition of "confidential information" was overbroad. Kazaryan Decl. ¶ 8. Defense counsel said they could not anticipate every confidential document that could be produced in discovery, but could provide a more detailed definition based on the type of confidential documents that had come up so far (including, for example, internal accounting and finance documents, internal policies and procedures, and non-party personnel information). *Id.*

As promised, on November 21, 2023, Defense counsel provided a more detailed definition. Kazaryan Decl. ¶ 9, Exhibit G. Plaintiff's counsel did not respond for more than one week. *Id.* On November 29, 2023, defense counsel (who have been pushing to get this issue resolved so that they can produce confidential documents) emailed Plaintiff's counsel to ask if he agreed to proceed with the more detailed definition or if the issue needed to be submitted to the Court (and if so, whether he agreed to submit the issue through the LCR 37 expedited joint motion procedure). *Id.* Plaintiff's counsel responded that the issue should be submitted to the Court. *Id.* He agreed to use



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

the expedited procedure and said he would await Defendants' draft statement. *Id.* Before Defendants had an opportunity to prepare a draft statement,[1] Plaintiff filed the instant motion to compel. Kazaryan Decl. ¶ 10.

C. Defendants Answered Several Discovery Requests Without Making Any Objections.

Where Plaintiff propounded proper and proportional discovery requests, Defendants answered without making any objections: AvtechTyee answered interrogatory no. 5, interrogatory no. 12, request for production no. 12, and request for production no. 19 without making objections and TransDigm answered interrogatory no. 5, interrogatory no. 13, request for production no. 12, and request for production no. 19 without any objections. Kazaryan Decl. ¶ 2, Exhibit A.

D. Defendants' Objections are Necessary, Detailed, Specific, and Compliant with the Rules.

AvtechTyee provided detailed case law support for its objections to interrogatory nos. 3, 7, 8, 11 and request for production nos. 15, 16, 34, 35, 36, 37, 38, 39, 41. Kazaryan Decl. ¶¶ 2, 4; Exhibits A, C.

Defendants' objections are necessary due to Plaintiff's overbroad and unreasonable requests. *Id.* Moreover, Defendants' objections go beyond mere boilerplate and set forth the specific factual bases supporting the objections. *Id.* For example, request for production no. 22 calls for AvtechTyee to produce:

> All written, computerized, or electronic communications, including, but not limited to, letters, notes, correspondence, memos, texts, or electronic mail messages to, from, or including any of the following: Dave Bender; Kevin Hanson; Rachel Kosman; Victor Mensy; Jean Williams, and Plaintiff from August 6, 2018 through May 7, 2021.

Kazaryan Decl. ¶ 2, Exhibit A (emphasis added).

In response, AvtechTyee lodged detailed, fact-specific objections:

---

[1] In part, Defendants did not have an opportunity to prepare the draft statement because the following day Plaintiff's counsel filed a motion to quash in this matter, and preparing a response to that motion diverted their time and attention. Kazaryan Decl. ¶ 10.



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> AvtechTyee objects to this request because it is overly broad, unduly burdensome, and disproportionate to the needs of this case. By way of this request, Plaintiff seeks **all communications** that went to and from **six custodians** over an almost **three-year period regardless of the subject matter or connection to this case**. At least **four of the custodians identified** (Kevin Hanson, Jean Williams, Rachel Kosmin, Victor Mensy) **were not decisionmakers in this case** and at least **two of the custodians** (Rachel Kosmin, Victor Mensy) **were not alleged to engage in discriminatory conduct**, so their communications are **unlikely to be relevant to the claims or defenses in this case**. Plaintiff has not made any effort to limit the substantive scope of this request or tailor it to the issues in this case (for example by identifying topics or providing proposed search terms). This request will yield an extraordinarily high volume of documents that are completely irrelevant to the claims and defenses in this case, including confidential and proprietary information that AvtechTyee has a strong interest in limiting the dissemination of. **Relative to the proportion of relevant documents that are likely to be produced, it will be unduly time-intensive, burdensome, and expensive for these documents to be gathered, reviewed, prepared for production, and produced**. In light of the foregoing, this request appears to be interposed for the improper purposes of harassing and annoying the non-parties named therein and needlessly driving up litigation costs. In addition, this request seeks documents protected by the attorney-client privilege and work product privilege. Subject to and without waiving the foregoing objections, AvtechTyee answers as follows: AvtechTyee is willing to meet and confer regarding the relevance of this request and, if relevance is established, reasonable limitations to and the scope of this request.

*Id*. (emphasis added).

In its supplemental response, AvtechTyee added:

> Subject to and without waiving the foregoing objections, AvtechTyee answers as follows: **AvtechTyee is in the process of gathering, reviewing, and preparing for production communications to and from Dave Bender, Kevin Hanson, Jean Williams, and Plaintiff. AvtechTyee will produce responsive records as promptly as reasonably possible**.

Kazaryan Decl. ¶ 4, Exhibit C (emphasis added).

By way of further example, in response to interrogatory no. 7 (which calls for AvtechTyee to "Identify all employees who were discharged, demoted, suspended, reprimanded, or in any other manner disciplined for any and/or all reasons for which Plaintiff's termination was based for the



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

years 2013 to present" and which was not limited to similarly-situated employees), AvtechTyee answered as follows:

> AvtechTyee objects to this interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case. It calls for AvtechTyee to identify all employees who were terminated over the course of **a six year period that begins before Plaintiff started working for AvtechTyee and ends at least two years after her employment ended**. This request is also overbroad because it is **not limited to termination decisions made by the decision-maker(s) in this case** and **not limited to employees who were similarly-situated to Plaintiff**. It also seeks information about individualized decisions made by countless decisionmakers, like informal reprimands, discipline or counseling, that may **not have been documented in the ordinary course of business or stored in a centralized location**. Further, it **invades the privacy interests of people that are not parties to this litigation by seeking sensitive employment information that reasonable people would not want disclosed**. In addition, this interrogatory is overbroad, unduly burdensome, and unduly invasive of non-party privacy interests to the extent it calls for AvtechTyee to "identify" persons by providing their "last known residence address, [their] present or last known position or business affiliation, [their] present or last known business address, and [their] position and business affiliation at the time in question." Subject to and without waiving the foregoing objections, AvtechTyee answers as follows: AvtechTyee is willing to meet and confer regarding the scope and relevance of this interrogatory and, if relevance is established, reasonable limitations to and the scope of this interrogatory.

Kazaryan Decl. ¶ 2, Exhibit A (emphasis added).

In its supplemental response, AvtechTyee added:

> AvtechTyee further objects to this interrogatory because, in the employment discrimination context, it is well-established that "[d]iscovery…must be limited to the practices at issue in the case and, where an individualized claim of disparate treatment is alleged, **the discovery of information concerning other employees should be limited to employees who are similarly situated to the Plaintiff**." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516-17 (D. Minn. 1997) (emphasis added); see also *Ardrey v. United Parcel Service*, 798 F.2d 679, 684-685 (4th Cir. 1986). Courts have iterated that discovery on non-party employee information is only appropriate when "other employees' circumstances [are] close enough to [plaintiff's] to make comparisons productive." *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *6 (W.D. Wash. Oct. 8, 2009) quoting *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994). Specifically, "Comparator evidence is most relevant **when the other employees work at the**



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> **same part of the company as Plaintiff, have the same performance, qualifications, and conduct, and have a common supervisor**." *Paananen v. Cellco P'ship*, at *6 (emphasis added). Washington courts have declined to compel production of non-party employee information in an employment discrimination action where such disclosure would "allow a plaintiff to engage in a fishing expedition for potentially relevant information at the expense of the privacy of third parties." *Tharp v. Univ. of Washington*, 143 Wn. App. 1051 (2008).
>
> Subject to and without waiving the foregoing objections, AvtechTyee answers as follows: With regard to employees that are similarly-situated to Plaintiff, David Bender (i.e., the decision-maker who decided to terminate Plaintiff's employment) has given a verbal warning to [name and title provided to Plaintiff but excluded here for privacy] for late delivery of data to TransDigm Group Incorporated.

Kazaryan Decl. ¶ 4, Exhibit C (emphasis in original).

E. Defendants Made Necessary Objections and then Provided Straightforward and Complete Answers.

In many instances, Defendants made necessary and appropriate objections, and still provided complete answers. Kazaryan Decl. ¶¶ 2, 4; Exhibits A, C. For example, interrogatory no. 4 calls for Defendants to "Identify the individual(s) who made the decision to terminate Plaintiff's employment and the date such decision was made." Kazaryan Decl. ¶ 2, Exhibit A. AvtechTyee objected to this interrogatory to the extent it calls for disclosure of the decisionmaker's home address and other personal information, but provided a straightforward and complete response notwithstanding the objection: "David Bender made the decision to terminate Plaintiff's employment in or around mid- to late- April 2021." *Id.*

By way of further example, interrogatory no. 2 calls for Defendants to "identify each source and form of [Plaintiff's] compensation" for the purpose of calculating damages. *Id.* AvtechTyee made proper objections and provided a straightforward and complete answer:

> AvtechTyee objects to this interrogatory because it is…overbroad and not proportional to the needs of the case because it not reasonably limited to the time period relevant to the calculation of damages (i.e., the benefits and compensation to which Plaintiff was eligible at the end of her employment). In addition, the phrase "benefits incidental to employment" is vague and ambiguous and does not define the information sought with reasonable particularity.



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> Subject to and without waiving the foregoing objections, AvtechTyee has identified responsive facts and documents currently known. In addition, pursuant to FRCP 33(d), AvtechTyee incorporates by reference responsive information contained in documents produced in response to Plaintiff's discovery requests (including, without limitation, documents produced in response to Request for Production No. 4 [which calls for Defendants to produce "all documents relating to any item or element of Plaintiff's compensation package."]).
>
> - An annual salary of $175,795.05;
> - Up to a 15% bonus target based on forecast for the year;
> - Granted option to purchase 3,800 shares at $347.17 PPS on November 5, 2018, in accordance with the stock option plan and Plaintiff's stock option award agreement;
> - Granted option to purchase 1,200 shares at $560.81 PPS on November 11, 2020, in accordance with the stock option plan and Plaintiff's stock option award agreement;
> - Medical, dental, and vision coverage;
> - 401(k); and
> - Life insurance.

*Id.*

F. <u>Defendants' Use of FRCP 33(d) is Proper and Compliant</u>.

AvtechTyee's discovery responses refer to FRCP 33(d) four times: in response to interrogatory nos. 1, 2, 5, and 10. Kazaryan Decl. ¶¶ 2, 4; Exhibits A, C. TransDigm's discovery responses refer to FRCP 33(d) three times: in response to interrogatory nos. 1, 2, and 5. Kazaryan Decl. ¶ 2, Exhibit A. In each instance, Defendants provided a complementary and detailed narrative response *in addition to* referencing documents produced. Kazaryan Decl. ¶¶ 2, 4; Exhibits A, C. In each instance, Defendants specifically identified the documents being incorporated by reference by noting the corresponding request for production number (for example, "Pursuant to FRCP 33(d), AvtechTyee incorporates by reference documents produced in response to RFP Nos. 3 and 11."). *Id.* Further, Defendants identified, by Bates number, the documents responsive to each request for production. *Id.*; Kazaryan Decl. ¶¶ 3-4; Exhibits B-C.



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

G. Defendants' Use of the Phrase "Discovery is Ongoing" is Proper.

Defendants stated "discovery is ongoing" in response to three requests: interrogatory nos. 1 and 6 and identical request for production nos. 24 and 25, for AvtechTyee and TransDigm respectively.[2] Kazaryan Decl. ¶ 2, Exhibit A.

Defendants' use of the phrase is proper. For example, in response to interrogatory no. 1, as Plaintiff requested, Defendants laid out supporting facts, witnesses, and documents for each of eight asserted defenses. *Id.* Defendants even organized their response in the manner Plaintiff requested (i.e., by "number[ing] [the] responses to correspond to the Affirmative Defenses asserted in [Defendants'] Amended Answer and Defenses to the Complaint in this matter."). *Id.* Defendants further cited to (and incorporated by reference) documents that relate to the information sought. *Id.*; Kazaryan Decl. ¶ 3, Exhibit B.

To address any concerns and avoid ambiguity, Defense counsel has also explained to Plaintiff's counsel what Defendants mean when they say "discovery is ongoing":

> Defendants are not withholding information and…all responses are based on "reasonable inquiry and due diligence." Because Defendants' investigation, search for relevant and responsive documents, and discovery is ongoing, however, we anticipate that some of Defendants' responses may need to be supplemented as the case progresses. That's all.

Dingwall Decl. ¶ 3, Exhibit D (page 256 of Mr. Dingwall's declaration).

H. Defendants Have Provided a "Categorical" Privilege Log.

Plaintiff's counsel knows that the only documents Defendants are currently withholding on the basis of privilege are post-charge communications and related work product. One of the exhibits to his declaration includes the following email and explanation from defense counsel:

> As it currently stands, the only documents that Defendants are withholding on the basis of attorney-client privilege or work product are communications between employees of Defendants and counsel (both in-house and outside counsel) and

---

[2] In her own written discovery responses, Plaintiff uses the phrase "discovery is ongoing" four times. Kazaryan Decl. ¶ 12.



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> related work product prepared after Plaintiff filed her charge with the Department of Labor on October 29, 2021. In our experience, counsel generally agree that post-charge communications do not need to be logged in a privilege log (and I note that Plaintiff's privilege log did not include her communications with counsel). In our view, it doesn't make sense and would be unduly burdensome for counsel to list every communication or work product prepared or exchanged after the parties were put on notice of the claim.

Dingwall Decl. ¶ 3, Exhibit D (page 256 of Mr. Dingwall's declaration).

To resolve this dispute, Defendants have provided Plaintiff with a privilege log outlining broad categories of communications and work product, instead of providing a typical document-by-document log. Kazaryan Decl. ¶ 11, Exhibit H.

## III. ARGUMENT AND AUTHORITY

### A. Defendants Should Not Be Forced to Produce Confidential Documents Until a Protective Order is Entered.

FRCP 26(c)(7) "gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

Under the Local Court Rules, the "[p]arties are encouraged to use this district's model protective order, available on the [C]ourt's website." LCR 26(c)(2). The Court has noted that "[e]ntry of a stipulated protective order…[is a] mundane and routine discovery practice." *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-927RAJ, 2015 WL 12712762, at *4 (W.D. Wash. Nov. 16, 2015). The Court has questioned parties that refuse to enter into the model order:

> Defendants do not address why they allegedly refused to enter into the Court's model protective order or why they proposed a different protective order. **The model order was drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material**.



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

*Minnis v. Washington*, No. C11-5600 BHS, 2013 WL 3189051, at *2 (W.D. Wash. June 20, 2013) (emphasis added).

As evidenced by the Joint Status Report, the parties anticipated that confidential documents and information would be produced in discovery and agreed that the Court's model stipulated protective order (as amended by the parties) should be entered. Since then, Plaintiff has torpedoed Defendants' efforts to get this "mundane and routine" task across the finish line by introducing outlandish and unreasonable edits to the Court's model order and stonewalling discussions regarding the definition of confidential documents. Plaintiff's proposed edits (including her insistence of using confidential documents "for any purpose" and allowing disclosure to anyone, without limitation) undermine the entire basis for a protective order, appear calculated to drive up defense costs, and prevent Defendants from producing and relying on relevant confidential documents and information in the defense of the case.

Plaintiff's motion to compel production of confidential documents in the absence of a protective order should be denied.

B. <u>Plaintiff Fails to Identify Deficiencies with Defendants' Responses</u>.

It is axiomatic that a motion to compel discovery must identify the allegedly deficient responses and explain why they are deficient. *Brocato v. Perez*, No. CV 13-8993-CJC (JEM), 2017 WL 11632905, at *1 (C.D. Cal. Apr. 5, 2017) ("Defendants also argue that the Motion to Compel should be denied for lack of specificity because Plaintiff fails to identify the particular discovery responses at issue and why the responses are lacking. The Court concurs.").

This Court routinely denies motions to compel discovery when the moving party fails to identify the allegedly deficient responses or explain why they are deficient.[3] *Washington v. GEO Grp., Inc.*, No. 17-5806 RJB, 2019 WL 2743390, at *3 (W.D. Wash. July 1, 2019) (denying a

---

[3] Although Plaintiff's motion fails to identify the allegedly deficient responses or explain why they are deficient, Defendants have prepared a detailed chart summarizing why Defendants' objections and responses are proper. Kazaryan Decl. ¶ 13, Exhibit I.



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

motion to compel because "[the moving party] fails to identify a specific response for production to which the [opposing party] did not respond"); *United States v. Hiatt*, No. C10-5333BHS, 2011 WL 1883818, at *3 (W.D. Wash. May 17, 2011) ("In Hiatt's motion to compel, he fails to identify what disclosure or discovery he seeks to have compelled. See Dkt. 61. Therefore, the Court denies his motion."); *Nash v. Waddington*, No. C06-5127 RJBKLS, 2007 WL 964222, at *1 (W.D. Wash. Mar. 28, 2007) ("Plaintiff's failure to attach the specific requests he wishes the Court to review is sufficient reason to deny his motion to compel. Without the specific requests, the Court cannot make an informed decision regarding the scope of Plaintiff's motion nor have Defendants been given sufficient notice."); *Int'l Longshore & Warehouse Union v. Nelson*, No. 3:11-CV-05767-RBL, 2012 WL 1158657, at *8 (W.D. Wash. Apr. 6, 2012) (denying a motion to compel discovery where "Defendants have failed to identify what additional information, if any, they contend is missing."); *Ngethpharat v. State Farm Mut. Ins. Co.*, No. C20-454 MJP, 2021 WL 2413280, at *1 (W.D. Wash. June 14, 2021) (denying a motion to compel discovery where the moving party failed to "identify[…] the specific relief sought"; "The Court cannot compel further discovery where the requested relief is ambiguous.").

Plaintiff fails to identify the responses she thinks are deficient, much less explain why they are deficient. Without this basic information, "the Court cannot make an informed decision regarding the scope of Plaintiff's motion nor have Defendants been given sufficient notice" or a meaningful opportunity to respond. *Nash v. Waddington*, No. C06-5127 RJBKLS, 2007 WL 964222, at *1. Plaintiff's motion should be denied on this basis.

Plaintiff's motion contains false and misleading allegations regarding Defendants' objections and responses. For example, Plaintiff says "except for Request for Production Nos. 36, 39, 41 (Avtech) and No. 35 (Transdigm), Defendants did not cite a single case or other legal authority in support of their asserted objections." Plaintiff's Motion to Compel Responses to Written Discovery, p. 5, lines 23-25. However, AvtechTyee provided case law support for its



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

objections to interrogatory nos. 3, 7, 8, 11 and request for production nos. 15, 16, 34, 35, 36, 37, 38, 39, 41. Kazaryan Decl. ¶¶ 2, 4; Exhibits A, C. By way of further example, Plaintiff says Defendants use FRCP 33(d) "to obfuscate their responses", but each time Defendants referred to FRCP 33(d), they identified the documents incorporated by stating the corresponding request for production (and ergo by Bates number). Plaintiff's Motion to Compel Responses to Written Discovery, p. 12, line 14; Kazaryan Decl. ¶¶ 2-4; Exhibits A-C.

Plaintiff fails identify deficiencies with Defendants' discovery responses and Plaintiff's motion to compel should be denied.

C. <u>To the Extent a Privilege Log is Required, Defendants' Categorical Privilege Log is Sufficiently Detailed for Post-Litigation Attorney-Client Communications and Related Work Product</u>.

Federal courts have recognized that "a rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship…[and] a privilege log may not be required for communications with counsel that take place after the filing of a law suit." *Grider v. Keystone Health Plan Cent.*, Inc., 580 F.3d 119, 140 (3d Cir. 2009); see also *Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2014 WL 12638874, at *1 (S.D. Cal. Aug. 4, 2014) (quoting *Grider*); *U.S. v. Bouchard Transp.*, 2010 WL 1529248, at 2 (E.D.N.Y. 2010) (noting that "privilege logs are commonly limited to documents created before the date litigation was initiated"). Federal courts in the Ninth Circuit have held that "counsel's communications with the client and work product developed once the litigation commences are **presumptively privileged and need not be included on any privilege log**." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at 3 (N.D. Cal. 2009) (emphasis added).

Further, as the Federal Rules of Civil Procedure make clear, and as federal courts have iterated:

//



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

> Fed.R.Civ.Pro. 26(b)(5) does not require the production of a document-by-document privilege log. In fact, when the legislature enacted Fed.R.Civ.Pro. 26(b)(5), it expressly recognized that **there are circumstances in which a document-by-document privilege log would be unduly burdensome and inappropriate**.

*In re Imperial Corp. of Am.*, 174 F.R.D. 475, 479 (S.D. Cal. 1997) (emphasis added). In such instances, courts have allowed parties to prepare "categorical" privilege logs rather than itemizing privileged items document-by-document *Id*. (holding that plaintiffs were not required to produce a document-by-document privilege log in high-density document litigation, but rather, could prepare privilege log on categorical basis).

In the instant case, the post-charge communications at issue are "presumptively privileged and need not be included on any privilege log." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077 at 3. To the extent a privilege log is required, a categorical privilege log is appropriate because a document-by-document privilege log "would have a chilling effect on the attorney-client relationship." *In re Imperial Corp. of Am.*, 174 F.R.D. at 479; *Grider v. Keystone Health Plan Cent.*, Inc., 580 F.3d at 140.

## IV. CONCLUSION

Plaintiff's discovery conduct has been unreasonable and vexatious. Enough is enough. Defendants respectfully ask the Court to deny Plaintiff's motion to compel.

[Signature page follows]



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

Respectfully submitted December 18, 2023.

*I certify this memorandum contains 4,888 words, in compliance with the Local Civil Rule and the Court's order granting an extension of the word count limit (Dkt. 34).*

SEYFARTH SHAW LLP

By: *s/Emma Kazaryan*

Lauren Parris Watts, WSBA #44064
Esteban Shardonofsky (SBN 24051323)
Emma Kazaryan, WSBA #49885
Darien Harris (SBN 24118405)
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Telephone: (206) 946-4910
lpwatts@seyfarth.com
sshardonofsky@seyfarth.com
dcharris@seyfarth.com
ekazaryan@seyfarth.com

*Counsel for Defendants TransDigm Group Incorporated and AvtechTyee, Inc.*

## CERTIFICATE OF SERVICE

I hereby declare that on this 18th day of December, 2023, I caused a copy of the ***Defendants' Response in Opposition to Plaintiff's Motion to Compel Responses to Written Discovery*** to be electronically filed with the Court using its efiling system which will send notification of such filing to the following:

Beth Bloom
Jay Corker Free
BLOOM LAW PLLC
3827-C South Edmunds Street
Seattle, WA 98118
bbloom@bloomlawpllc.com
jfree@bloomlawpllc.com

*Counsel for Plaintiff*

Jeff Dingwall
Eight & Sand
750 West Fir Street, Suite 602
San Diego, CA 92101
jeff@eightandsandlaw.com

*Counsel for Plaintiff*

DATED this 18th day of December, 2023.

*s/Kyna Denton Stewart*
Kyna Denton Stewart, Legal Assistant
kdentonstewart@seyfarth.com



SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910