The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| PHYLLIS SANTISTEVAN-SULLIVAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSDIGM GROUP INCORPORATED, and AVTECHTYEE, INC.,<br><br>Defendants. | CASE NO.: 2:23-cv-00186-TL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER TO QUASH SUBPOENAS**<br><br>NOTE ON MOTION CALENDAR: DECEMBER 22, 2023 |

**INTRODUCTION**

Defendants' Opposition to Plaintiff's Motion for a Protective Order to Quash Subpoenas can be rejected, and Plaintiff's Motion granted, for three clear reasons: (1) Defendants do not even acknowledge, let alone attempt to meet, the legal standard clearly set forth by the courts of this district and in the Ninth Circuit that they establish a "specific showing of relevance" for the discovery of prior employment records they seek through third-party subpoenas; (2) when Defendants agreed to limit discovery, they agreed to limit discovery, and seeking it through third-party subpoenas versus written discovery to Plaintiff does not change the nature of their agreement



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464

or the legal standards to which it is held; (3) Defendants conflate the publicity that the allegations in this case have attracted with the well-established privacy rights Plaintiff has to her records of past employment – employment that is clearly not at issue in this case or the subject of any publicity.

Ultimately, Defendants have not made *any* showing of relevance for the discovery they seek through the subpoenas, and surely not one that outweighs Plaintiff's privacy rights. In the end the subpoenas simply and quite clearly amount to a "fishing expedition" in the hopes of finding something that might support Defendants' firing of Plaintiff. Fed. R. Civ. P. 26 and the case law from this district preclude such things and Plaintiff's Motion should be granted in its entirety.

## I. DEFENDANTS HAVE NOT MADE ANY SHOWING OF "SPECIFIC RELEVANCE" TO OVERCOME PLAINTIFF'S PRIVACY INTERESTS IN HER PAST EMPLOYMENT RECORDS.

As Plaintiff's Motion explains, through citation to numerous cases from this district and the Ninth Circuit, a defendant may only overcome a plaintiff's privacy rights and obtain past employment records by making a specific showing of relevance. *See* ECF No. 26 at *10-12 (collecting cases); *Scott v. Multicare Health Sys*., No. C18-0063-JCC, at *3 (W.D. Wash. Apr. 10, 2019) ("employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance."). This is so because "[p]ersonnel files may contain information that is both private and irrelevant to the case, therefore special care must be taken before personnel files are turned over to an adverse party." *Blotzer v. L-3 Commc'ns Corp*., 287 F.R.D. 507, 509 (D. Ariz. 2012). Thus, there must be an "objective basis" to believe that private aspects of a person's employment history are relevant to the case at hand. *Naini v. King Cnty. Pub. Hosp. Dist. No. 2*, No. C19-0886-JCC, at *3 (W.D. Wash. Dec. 17,

2019). Defendants have not offered a single fact to support broad discovery into the private records of three of Plaintiff's prior employers, let alone attempted to make a specific showing of relevance to the specific allegations made in this case.

A. Plaintiff's Privacy Interests And Showing Of Good Cause Outweighs Defendants' Hope Of Finding Relevant Information Through Discovery of Past Employment Records.

Plaintiff's Motion clearly articulates specific harm that she will suffer should Defendant be permitted to serve subpoenas on her past employers. *See* ECF No. 26 at *8-10. Defendants' arguments to the contrary lack substance. First, Defendants attempt to argue that discovery of past employment records will not harm Plaintiff because it does not implicate her current employment. ECF No. 35 at *10. But Plaintiff made clear through her declaration that in her current role as a consultant, she relies on the referrals from relationships developed and maintained with her past employers, that she continually provides consulting services to businesses in the same or similar industries as her past employers, that employees in these industries regularly switch companies, and that her reputation will likely be harmed by the release of her private employment records. ECF No. 26 at *9. Thus, the subpoenas for past employment records are very likely to impact Plaintiff's current employment. *See Scott v. Multicare Health Sys.*, No. C18-0063-JCC, at *4 (W.D. Wash. Apr. 10, 2019)(granting motion for protective order as to third-party subpoenas of employment records finding that plaintiff had shown good cause based on privacy interests and negative impact on current employment).

Second, Defendants argue that because this lawsuit has garnered significant national media attention that Plaintiff has somehow waived her privacy right to her past employment records. ECF No. 35 at *10. But Defendants do not point to a single piece of publicity in which Plaintiff's past

employment has been implicated such that her privacy rights in those records is now waived. Publicity surrounding the allegations made in this lawsuit, likely occurring due to long-standing controversial practices by Defendants (*see e.g*. ECF No. 1, ¶¶ 1.2 – 1.3.3), have no relation to the privacy interests that Plaintiff has in her employment records and the two should not be conflated.

B. Defendants Have Made No "Specific Showing Of Relevance."

The only place that Defendants attempt to justify their subpoenas is on page 8 and it is that page that lays bare their "fishing expedition.". ECF No. 35. A "fishing expedition" is the act of turning Rule 26 on its head by seeking information through discovery with the *hope* that it will turn out to be relevant, rather than by establishing relevance first as required. *See e.g*. *Equal Emp't Opportunity Comm'n v. Evening Entm't. Grp. LLC*, CV 11-01870-PHX-FJM (D. Ariz. Jun. 20, 2012)("Defendant's blanket requests for all personnel records from three former employers are overbroad on their face and amount to a fishing expedition."). Here, one need look no further than Defendants' use of terms like "may" and "whether" and "expect" and "should" and "insight" to attempt to justify their discovery of Plaintiff's private records. *See Greenburg v. Red Robin Int'l, Inc*., No. C17-6052 BHS, at *3 (W.D. Wash. May 23, 2018)(finding that defendant's assertion that the records sought "*may* … reveal … a pattern of asserting frivolous claims of discrimination" is insufficient to establish a specific showing of relevance). These are aspirational terms rooted in hope, not fact. Alas an angler *always* "expects to" or "should" catch a fish when casting a line into the water. But it's called "fishing" and not "catching" for a reason.

Tasked with making a specific showing of relevance for the discovery they seek from Plaintiff's prior employers, Defendants offer nothing but nothing but *hope* of what they *might* "catch":

> **whether** Plaintiff had similar performance deficiencies/issues with other employers, **whether** she was disciplined or fired by other employer or similar performance deficiencies/issues, **whether** she claims that performance discipline or termination from other employers was discriminatory or retaliation (and the related factual circumstances), **how** Plaintiff reacted to prior performance discipline at other employers, Plaintiff's credibility in general, and her claims of emotional distress, among other issues.

ECF No. 35 at *8 (emphasis added). This is not a specific showing of relevance. Defendants do not offer a single fact to support that there were any performance issues, credibility concerns, or anything else they seek through the subpoenas, let alone how such information would be "specifically relevant" to the allegations that Plaintiff makes against Defendants arising from her employment with Defendants. And the next paragraph on page 8 further confirms the "fishing expedition."

> Defendants **expect** that Plaintiff received similar performance feedback at other companies. Defendants also **expect** the records will provide **insight** into Plaintiff's skills, qualifications, competencies, and past performance issues, which is relevant and critical information for defending (i) Plaintiff's argument that the performance feedback she received was gendered; and (ii) Plaintiff's argument that the performance-based reasons for her termination were pretextual. Finally, records from Plaintiff's former employers **should** provide **insight** into her emotional state prior to the termination of her employment with AvtechTyee, which is relevant to her claim for emotional distress damages.

*Id*. (emphasis added).

Again, Defendants offer not one single fact to support their "expectations" of what Plaintiff's past employments records *might* show or of any "insight" they will glean, let alone how such discovery is specifically relevant to the allegations that *these* defendant-employers fired *this* plaintiff-employee for the discriminatory and retaliatory reasons set forth in the Complaint in *this* lawsuit. *Garner v. Amazon.com*, 2:21-cv-00750-RSL, at *4 (W.D. Wash. June 20, 2023) (finding party engaged in "classic fishing expedition" seeking documents "not at issue" in the "vague hopes



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464

that it might be useful."). If such facts were to be had, certainly Defendants would have provided them to the court via AvtechTyee's current President Dave Bender, who previously employed Plaintiff at Arrowhead Products, one of the employers Defendants seek to subpoena for records about her performance and discipline. *See* ECF No. 1, ¶ 6.8; ECF No. 26-1 at p. 7. Yet Defendants provide absolutely no such facts from Mr. Bender, or anyone or anything else, to support that Plaintiff was a poor performer, had credibility issues, suffered emotional distress, or any of the other bases they assert for the discovery – let alone how such discovery is specifically relevant to the allegations in this case. As Plaintiff set forth through extensive authority in her Motion, this is simply not sufficient.

The circumstances here are nearly identical to that in *Scott v. Multicare Health*, *supra*. There, the Defendants sought "performance- and disciplinary-related personnel records" from a non-party employer, "asserting that such records would evidence Defendants' reasonableness if they show that [the non-party employer] responds similarly to Plaintiff's behavior." No. C18-0063-JCC, at *3 (W.D. Wash. Apr. 10, 2019). The *Scott* court rejected the same argument that Defendants' make here, finding that "Plaintiff's claims of discrimination and retaliation concern how Defendants treated her while she was employed [by Defendants]" and that, as here, "Defendants have not shown that [the non-party employer's] similar treatment of Plaintiff would necessarily demonstrate Defendants' reasonableness in this case." *Id*. at *3-4. It is apparent that Defendants here hope to defend Plaintiff's allegations by gathering information about how other employers treated her. But nothing about what occurred in Plaintiff's past employment has the tendency to make any more or less probable that she was subject to retaliation and discrimination while employed by Defendants, and Defendants have made no showing otherwise. *Id*. This case



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464

should not be turned into a litigation of every other job Plaintiff has held and the Motion for a Protective Order should be granted.

## II. DEFENDANTS' AGREEEMNT TO LIMIT DISCOVERY IS AN AGREEMENT TO LIMIT DISCOVERY.

Fed. R. Civ. P. 29(b) permits the parties to modify "procedures governing or limiting discovery" by stipulation, unless the stipulation would "interfere with the time set for completing discovery, for hearing a motion, or for trial." *See also* LCR 26 ("Counsel are expected to cooperate with each other to reasonably limit discovery requests"); *Bango v. Pierce Cnty.*, No. 3:17-CV-06002-RBL-DWC, at *10 (W.D. Wash. Aug. 3, 2018). Defendants here remarkably contend that their agreement to limit discovery does not prohibit them from seeking third-party discovery "just because they limited the scope of certain discovery requests to Plaintiff." ECF No. 35 at *12.

Third-party subpoenas are tools of discovery subject to Rule 26, as are interrogatories are requests for production of documents. If Defendants are permitted to agree that only certain information is relevant and discoverable, only to turn around and drastically and unapologetically expand and obtain information beyond the agreed limitation via subpoena then the meet and conferral process is meaningless and parties to any lawsuit will be required to have to have endless agreements addressing every possible avenue of discovery.

As Defendants explicitly agreed to limit discovery, and as they do not dispute that they failed to meet and confer regarding Interrogatory No. 6 and Requests No. 24 and 29, they should be held to their agreement and the Motion for a Protective Order should be granted

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff has demonstrated good cause and standing to bring this motion and has clearly set forth that Defendants may not obtain Plaintiff's prior employment records absent a specific



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464

showing of relevance, which they have not. Plaintiff has additionally established Defendants' failure to fulfill their obligations under the rules of discovery, including the requirement to meet and confer in good faith. As a result, the Court should, in keeping with the courts of this district and throughout the circuit, issue a protective order quashing the subpoenas.

Dated this 21st day of December 2023.


EIGHT & SAND

/s/ Jeff R. Dingwall
Jeff R. Dingwall, WSBA #60523
Attorney for Plaintiff Phyllis Sullivan
750 West Fir Street, Suite 602
San Diego, California 92101
Phone: (619) 796-3464
Email: jeff@eightandsandlaw.com

BLOOM LAW PLLC

/s/ Beth Bloom
/s/ Jay Corker Free
Beth Barrett Bloom, WSBA #31702
Jay Corker Free, WSBA #51393
Attorneys for Plaintiff Phyllis Sullivan
3827-C South Edmunds St.
Seattle, Washington 98118
Phone: (206) 323-0409
Email: bbloom@bloomlawpllc.com
Email: jfree@bloomlawpllc.com

**CERTIFICATE OF WORD COUNT**

Pursuant to LCR 7(e)(6), I hereby certify that this memorandum contains 2018 words, in compliance with the Local Civil Rules.

Dated: December 21, 2023.

*s/Jeff R. Dingwall*
Counsel for Plaintiff



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464