The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON (SEATTLE)

| | |
|---|---|
| PHYLLIS SANTISTEVAN-SULLIVAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSDIGM GROUP INCORPORATED, and AVTECHTYEE, INC.,<br><br>Defendants. | CASE NO.: 2:23-cv-00186-TL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: DECEMBER 22, 2023 |

## INTRODUCTION

The essence of Plaintiff's Motion to Compel is to address and remedy the prolific use of "boilerplate" discovery objections by Defendants in their responses to Plaintiff's written discovery requests. In short, a boilerplate objection is one that merely states an objection without providing any legal or factual support for the objection. *See* ECF No. 32 at *7 (*citing Smash Tech. v. Smash Sols*., No. 2:19-cv-00105-TC-JCB, at *3 (D. Utah June 30, 2020); Matthew L. Jarvey, *Boilerplate Discovery Objections: How They are Used, Why They are Wrong, and What We Can Do About Them*, 61 DRAKE L. REV. 913, 914-16 (2013)).

As the authority cited in Plaintiff's Motion makes clear, there is simply no basis in the extensive body of law around discovery that permits the use of boilerplate objections, yet they proliferate and have become a "menacing scourge on the litigation profession." *Id.* (*citing Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 170 (N.D. Iowa 2017). The cost of these discovery abuses can be measured in the time and effort spent by counsel in bringing motions like this, in the stalling of the litigation process for, in this case a half of a year, and the time and effort of the Court required to solve what should so clearly never be a problem in the first place because the rules and case law are definitive.

Boilerplate objections, by design, serve only to confuse, delay, and to maintain ambiguity and wiggle-room. That is where we stand now. The responses provided by Defendants, which they continue to defend through their Opposition to the Motion, leave to guesswork what information they have provided, what they are withholding and on what basis, and in the meantime they continue to push the timeframe and cost for resolution of these critical matters. *See* ECF Nos. 27, 33; Email to Court, Dec. 18, 2023.

Defendants' discovery responses lack support in law and fact and must be corrected without delay. The tangential complaining about the form of Plaintiff's Motion and misdirection regarding protective orders should not camouflage the lack of any authority for their actions. Plaintiff's Motion should be granted in its entirety.

## I. DEFENDANTS' OPPOSITION HIGHLIGHTS THEIR REFUSAL TO COME TO TERMS WITH BASIC DISCOVERY OBLIGATIONS AND THEIR DESIRE TO HAVE THE COURT APPROVE THEIR DELAY AND DENIAL TACTICS.

### A. <u>Defendants' Supplemental Discovery Responses Do Not Cure The Deficiencies</u>.

Plaintiff informed the Court that Defendant AvtechTyee served supplemental discovery responses per agreement on November 21, 2023. ECF No. 32 at *8. Plaintiff did not provide those supplemental responses to the Court because they did not cure the deficient responses and in fact created more confusion by simply adding objections and qualifications to the laundry list of boilerplate objections in the original responses.[1]

For example, Defendants tout their supplemental response to Request for Production No. 22 to AvtechTyee. ECF No. 37 at *5-6. The original response to that Request is indulgent in the type of boilerplate objections that necessitated this Motion, and the Supplemental Response is made "subject to and without waiving" those boilerplate objections, before stating that Defendant is "in the process of gathering, reviewing, and preparing for production" responsive communications. *Id*. Thus, Defendants tell us that only now, more than six months after having been served the discovery, they have *just begun* to try to respond to the Request, and that production will apparently occur "as promptly as reasonably possible." *Id*. at *6. So, Plaintiff and the Court should just sit back and work with whatever schedule seems to be comfortable for the Defendants.

The Supplemental Response to Interrogatory No. 7 from AvtechTyee is similarly dysfunctional by adding more objections to its boilerplate objections and asserting – twice – that whatever response it is providing is "subject to and without waiving" the litany of objections. *Id*. at *7-8. While "cute and tricky," "without waiving and subject to" objections "plainly violate the

[1] Defendants complain that Plaintiff provided a reproduction of the discovery requests and responses, which is true, but Defendants do not argue that the reproduction is in any way not accurate. ECF No. 37 at *2-3. Further, from a logistical standpoint, it seemed more practical to provide the reproduction which not only included the requests and responses, but also Plaintiff's asserted deficiency to each – which in and of itself was over 130 pages – than to include yet another large exhibit containing just requests and responses. *See* ECF No. 32-1, Ex. A to Dec. of Jeff R. Dingwall.



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464

purposes of our Rules of Civil Procedure" and "are misleading, worthless, and without legitimate purpose or effect." *See* ECF No. 32 at *9 (*citing SmashTech* and *Liguria Foods*). Defendants' supplemental responses do nothing to cure the deficiencies in their original responses, and in fact exacerbate them.[2]

Compliant responses require Defendants to withdraw their boilerplate objections and "subject to and without waiving" trickery, and to provide coherent statements of what is being provided and/or withheld and on what basis.

### B. The Parties Have Never Agreed To Defendants' Proposed Protective Order And The Burden Is On Defendants To Establish "Good Cause."

It is simply not true that there was ever an agreement between the Parties for the entry of a protective order, as Defendants attempt to mislead the Court. *See* ECF No. 37 at *7. Moreover, Defendants treat the entry of a protective order as a *pro forma* entitlement rather than an exception to the rules of discovery that requires a showing of "good cause." The general rule of course is that "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal citations and quotation marks omitted). Even when the parties have stipulated, "[a] protective order will not be signed by the court unless 'good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Walker v. Fred Meyer Stores*, No. 11-cv-06042-JRC, at *1 (W.D. Wash. May 15, 2012) (*quoting Pintos v. Pac Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009)); *see also*

---

[2] Defendant AvtechTyee's other supplemental responses fall in line with those noted here and are similarly deficient. *See* ECF No. 38-1, Ex. C to Dec. of Emma Kazaryan, AvtechTyee Supplemental Responses to Interrogatory Nos. 3, 7, 8, 10, 11; AvtechTyee Supplemental Responses to Request for Production Nos. 2-5, 8-11, 15-18, 20, 22-24, 27, 29, 34-35, 37-38.



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464

*Kamakama v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective order insufficient to make particularized showing of good cause, as required by Rule 26(c)).

Here, the parties never agreed to the entry of a protective order, they agreed "that the Court should enter the Court's Model Stipulated Protective Order **as amended by the parties**...." ECF No. 37 at *7 (*citing* ECF No. 23, page 3 (Section 5(D))(emphasis added). That of course requires the parties to agree on the amendments and, as is clear by Plaintiff's Motion and Defendants' Opposition, that has not occurred. In fact, Plaintiff has been extremely clear since the outset of the case that protective orders such as the one Defendants seek here are disfavored, that Plaintiff does not agree to the proposed protective order, and that Defendants should submit the matter to the Court for resolution. *See* Ex. A to Dec. of Jeff R. Dingwall, filed herewith.

The simple and clear step then, as the party seeking the protective order and the one withholding substantial discovery as a result, is for Defendants to make the requisite showing to the Court, otherwise the discovery must be produced without delay.

C. <u>Defendants Are Well Aware Of The Deficiencies With Their Responses</u>.

It is disingenuous for Defendants to assert that Plaintiff has failed to identify deficiencies with their discovery responses, (ECF No. 37 at *16-18), particularly since the dozen or so pages of their Opposition prior to that assertion are devoted to addressing the deficiencies Plaintiff has identified. *See* ECF No. 37 at *2-14. Plaintiff in fact stated clearly in her Motion that "Plaintiff's Asserted Deficiencies" to each discovery response is "set forth in Exhibits A and B to the Declaration of Jeff R. Dingwall." ECF No. 32 at *4 n. 3. Exhibits A and B are nearly identical to the deficiencies that Plaintiff set out in excruciating detail in the 132-page letter served on

Defendants on August 16, 2023, and which was filed as Exhibit C to the Declaration of Jeff R. Dingwall. ECF No. 32-1 at page 117.[3]

D. Defendants Do Not Challenge The Relevancy Of Plaintiff's Requests.

Plaintiff clearly set forth the relevancy of each discovery request at issue in her Motion to Compel. ECF No. 32-1, Exs. A and B.

> A party resisting discovery must show either lack of relevancy or undue burden for each discovery request it opposes, so that the information sought does not come within the broad scope of relevancy or is of such marginal relevance that the potential harm incurred by discovery would outweigh the presumption in favor of disclosure.

*Melendez v. Gulf Vessel Mgmt., Inc*., No. C09-1100 MJP, at *2 (W.D. Wash. July 1, 2010) (*citing Schultz v. Olympic Med. Ctr*., No. Case No. C07-5377 FDB, 2008 U.S. Dist. LEXIS 80848 (W.D. Wash. Aug. 22, 2008)); *see also Int'l News, Inc. v. 10 Deep Clothing, Inc*., No. C18-0302-JCC, at *4 (W.D. Wash. Apr. 16, 2020)(granting plaintiff's motion to compel where defendant failed to meet its burden to show information is not relevant).

Defendants do not challenge the relevancy of Plaintiff's discovery requests and have therefore failed to carry their burden and Plaintiff's Motion to Compel should be granted.

E. Defendants Have No Authority To Support Their Boilerplate Objections.

Although they state that their boilerplate discovery objections are perfectly fine, Defendants do not identify a single court decision or rule to support this stance. *See e.g.* ECF No. 37 at *5. Defendants proclaim that their "Objections are Necessary, Detailed, Specific, and

---

[3] For ease of reference, Plaintiff asserts deficiencies to Defendant AvtechTyee's Responses to Interrogatory Nos. 1-12, and Responses to Request for Production Nos. 1-11, 13-27, 29, and 31-41. ECF No. 32-1, Ex. A. Plaintiff asserts deficiencies to Defendant Transdigm's Responses to Interrogatory Nos. 1-11, and Responses to Request for Production Nos. 1-26 and 28-36. ECF No. 32-1, Ex. B.

Compliant with the Rules" but do not provide the Court with *any* rules or rulings that affirm such compliance. *Id.* at *5-8. Similarly, the announcement that "Defendants Made Necessary Objections and then Provided Straightforward and Complete Answers" not only bends the definition of "straightforward" beyond recognition, but it also ignores all the authority that discovery objections are only "necessary" when there is a legal and factual foundation for them. *Id.* at *8-9.

In the end, we are left with the words of the Hon. Mark W. Bennett:

> This case squarely presents the issue of why excellent, thoughtful, highly professional, and exceptionally civil and courteous lawyers are addicted to "boilerplate" discovery objections. More importantly, why does this widespread addiction continue to plague the litigation industry when counsel were unable to cite a single reported or non-reported judicial decision or rule of civil procedure from any jurisdiction in the United States, state or federal, that authorizes, condones, or approves of this practice?

*Liguria Foods, Inc.*, 320 F.R.D. 168.

This Court should not feed the "boilerplate addiction" and Defendants should be ordered to provide compliant discovery responses without further delay.

**CONCLUSION AND REQUEST FOR RELIEF**

Plaintiff has demonstrated the need for the Court to order Defendants to provide complete and compliant discovery responses to her relevant discovery requests. Defendants have failed to provide any authority for their deficient responses and have not challenged the relevancy of Plaintiff's requests. Plaintiff therefore requests that the Court grant her Motion to Compel in its entirety and that Defendants be ordered to serve full and compliant discovery responses without further delay.

Dated this 21st day of December 2023.

EIGHT & SAND

_/s/ Jeff R. Dingwall_
Jeff R. Dingwall, WSBA #60523
Attorney for Plaintiff Phyllis Sullivan
750 West Fir Street, Suite 602
San Diego, California 92101
Phone: (619) 796-3464
Email: jeff@eightandsandlaw.com

BLOOM LAW PLLC

_/s/ Beth Bloom_
_/s/ Jay Corker Free_
Beth Barrett Bloom, WSBA #31702
Jay Corker Free, WSBA #51393
Attorneys for Plaintiff Phyllis Sullivan
3827-C South Edmunds St.
Seattle, Washington 98118
Phone: (206) 323-0409
Email: bbloom@bloomlawpllc.com
Email: jfree@bloomlawpllc.com

## CERTIFICATE OF WORD COUNT

Pursuant to LCR 7(e)(6), I hereby certify that this memorandum contains 1981 words, in compliance with the Local Civil Rules and the Court's Order granting an extension of the word count limit. ECF No. 34.

Dated: December 21, 2023.

*s/Jeff R. Dingwall*
Counsel for Plaintiff



EIGHT & SAND
750 West Fir Street, Suite 602
San Diego, California 92101
(619) 796-3464