UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYLLIS SANTISTEVAN-SULLIVAN,<br><br>    Plaintiff,<br>    v.<br><br>TRANSDIGM GROUP INCORPORATED et al.,<br><br>    Defendants. | CASE NO. 2:23-cv-00186-TL<br><br>ORDER ON MOTION FOR CONTINUANCE OF TRIAL DATE AND CASE SCHEDULE |

This matter is before the Court on Defendants' Motion for Continuance of Trial Date and Case Schedule. Dkt. No. 49. Having reviewed the relevant briefing and being fully advised on the issues, the Court GRANTS Defendants' motion.

The Court may modify scheduling orders for good cause. Fed. R. Civ. P. 16(b)(4). In considering a continuance, a court considers: "(1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the [other party]; and (4) the extent to

ORDER ON MOTION FOR CONTINUANCE OF TRIAL DATE AND CASE SCHEDULE - 1

which the defendant would suffer harm if the continuance was denied." *United States v. Wilke*, 2020 WL 92005, at *2 (W.D. Wash. Jan. 8, 2020) (citing *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)) (granting motion to continue trial). Defendants have produced thousands of pages of documents and state that there are still many documents to review and prepare for production. Dkt. No. 49 at 2. While Defendants anticipate completing document production in March or April 2024 (*id.* at 3), expert reports must be disclosed by May 3, 2024 (Dkt. No. 25). The Court finds that Defendants have been diligent in preparing their defense, the continuance would satisfy Defendants' needs, and Defendants will be harmed in their ability to defend the case thoroughly if the continuance is not granted. While Plaintiff states she has provided thorough discovery, she does not state what harm she would suffer if the continuance is granted. Dkt. No. 50 at 1.

Accordingly, the Court FINDS good cause to modify the scheduling order in this case and ORDERS the following pretrial schedule:

| Event | Date |
|---|---|
| Jury Trial set for 9 a.m. on | July 7, 2025 |
| Disclosure of expert testimony under FRCP 26(a)(2) due | December 9, 2024 |
| Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | January 8, 2025 |
| All motions related to discovery must be filed by | January 8, 2025 |
| Discovery completed by | February 7, 2025 |
| All dispositive motions and motions challenging expert witness testimony must be filed by this date (*see* LCR 7(d)) | March 6, 2025 |
| Settlement Conference, if mediation has been requested by the parties per LCR 39.1, held no later than | April 8, 2025 |
| Mediation per LCR 39.1, if requested by the parties, held no later than | May 8, 2025 |
| All motions *in limine* must be filed | June 2, 2025 |
| Agreed LCR 16.1 Pretrial Order due | June 16, 2025 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions due by this date. Counsel are to confer | June 20, 2025 |

| | |
|---|---|
| and indicate with their submissions which exhibits are agreed to. | |
| Pretrial Conference scheduled for 1:00 p.m. on | June 27, 2025 |

The Parties are directed to follow all other dates as specified in the Court's Order Setting Jury Trial Dates and Related Dates, Dkt. No. 25, and the Local Civil Rules.

Dated this 3rd day of April 2024.

Tana Lin
United States District Judge